IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESSLEY ALSTON, #709795

    Plaintiff,

v.                                                                                CASE NO. 1:10-cv-00107-SPM-AK

FRANK JOHN TASSONE, JR.

    Defendants.

_____/

**O R D E R**

Plaintiff, an inmate at Union Correctional Institution, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed as a pauper (Doc. 2). The complaint concerns an alleged conflict of interest by attorney Tassone, who represented Plaintiff at a clemency hearing, and who allegedly failed to reveal to the state court judge presiding at this hearing that Tassone was a partner at the law firm representing Plaintiff's co-defendant. The relief sought is: " #1 the Court should contact the Governor and #2 order this Fla. Prac. Form to become a test. #3 [Plaintiff] want the federal court to look at the voucher monies that the federal court allowed Frank J. Tassone, Jr. to obtain then upon doins do rule, make and enforce that attorney Frank J. Tassone, Jr must pay [Plaintiff] $1500.00 dollars —$3,000.00 for this misprision of felony he did upon the clemency court and [Plaintiff's] federal court."

As an initial matter, Plaintiffs' motion to proceed as a pauper (Doc. 2), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing

fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (#709795); and, (3) Northern District of Florida Case Number (1:10CV107-SPM/AK). Checks or money orders which do not have this information will be subject to return. Accordingly, the **Clerk** shall mail a copy of this Order by mail to: Department of Corrections, Office of the General Counsel, 2601 Blair Stone Road, Tallahassee, FL 32399-2500.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

## AMENDMENT OF COMPLAINT

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For liability under 42 U.S.C. §1983, Plaintiff must show an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Plaintiff has failed to identify what federal or constitutional claims are raised by Tassone's actions or what damages or injury Tassone caused Plaintiff. The relief sought is not within the authority of the federal court.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to state with specificity what civil rights violations he is claiming that the defendant committed and what damages occurred. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back

to the original complaint.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for IFP is GRANTED.

2. The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall submit his Amended Complaint on or before July 6, 2010.

3. Failure to comply with this Order within the time provided will result in the dismissal of this action

DONE AND ORDERED this 21st day of June, 2010.

*s/ Stephan P. Mickle*

Stephan P. Mickle
Chief United States District Judge