IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PRESSLEY BERNARD ALSTON,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-00107-SPM-AK

FRANK JOHN TASSONE, JR,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court upon the filing of an amended complaint (doc. 6) and Plaintiff's Request for an Order and Federal Court Procuration, which the Court construes as a motion to serve the complaint. (Doc. 9). The Court has reviewed the amended complaint and finds that this cause should be DISMISSED without service.

Plaintiff brings this civil rights complaint against private attorney Frank Tassone for ineffective assistance of counsel for failing to disclose a conflict of interest. Specifically, Plaintiff alleges that Tassone was partners with another attorney who represented a co-defendant in his criminal case. He does not specifically seek damages, but asks for attorneys fees.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to

state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to

service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Plaintiff's claims are meritless on a number of grounds. First, Defendant Tassone is a private attorney and as such is not a state actor for purposes of bringing a civil rights action. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). According to the facts asserted, Tassone was court appointed, but otherwise a private attorney. As such, he cannot be held liable for civil

rights violations as a state actor.

Further, the claims against Tassone are for "attorney misconduct" and "ineffective assistance," which are either habeas or state law malpractice claims.  See <u>Mekdeci v. Merrell</u>, 711 F.2d 1510, 1522 (11th Cir. 1983); <u>Sanchez v. United States Postal Service</u>, 785 F.2d 1236, 1237 (5th Cir. 1983).   If a party contends that his attorney was ineffective in representing him in a civil lawsuit for damages, the remedy is a claim for malpractice.

Finally, the only clear relief Plaintiff seeks is attorney fees, but non-attorney *pro se* litigants are not entitled to such fees.  <u>Kay v. Ehrler</u>, 499 U.S. 432, 435 n.5, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's complaint is DISMISSED for failure to state a claim for relief.

2.  Plaintiff's motion for service (doc. 9) is DENIED.

DONE AND ORDERED this 10th day of August, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge